IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW W. ZEINER,

    Petitioner,

vs.                                           Case No. 5-14-CV-3191-JTM

STATE OF KANSAS, et al.,

    Respondent.


ORDER ON PETITIONER'S MOTIONS TO AMEND,
MOTION FOR EXTENSION, AND MOTION TO STAY PROCEEDINGS,
AND NOTICE OF DISMISSAL OF PETITION

Petitioner Andrew W. Zeiner proceeds pro se on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Dkt. 1). On August 17, 2015, this court deferred ruling on petitioner's Motions to Amend Petition (Dkts. 13, 18) and ordered him to file a traverse by October 23, 2015, explaining why his proposed amendments should not be procedurally defaulted. On October 13, 2015, petitioner filed a motion for extension of time to file his traverse. (Dkt. 36). But in lieu of filing a traverse, he filed a Motion to Stay Proceedings "to avoid any procedural defalts [sic] that could potentialy [sic] prejiduce [sic] [him]." (Dkt. 37). For the reasons stated below, the court grants the motions to amend, denies the motion for extension, and denies the motion to stay.

I.     **Factual and Procedural Background**

In September 2008, Lyon County police officers tried to stop a car driven by petitioner after receiving a tip about a stolen car. Petitioner refused to stop despite the flashing patrol car lights. Police officers then employed several tactics to stop petitioner's car, including deploying "spike

1

strips" and a "rolling roadblock," which is boxing in the suspect's vehicle from the front, rear, and on the driver's side with their patrol cars. At one point, petitioner veered his car toward Officer Cory Doudican's patrol car while exiting a ditch, forcing the officer to take evasive action. Officer Doudican moved his car into the opposite lane of traffic, but petitioner's car struck the patrol car anyway. The chase ended when petitioner crashed his car into a ditch after driving through a stop sign. Two cameras on the dashes of the patrol cars (dash cams) captured these events on video.

On December 23, 2008, following a jury trial, petitioner was convicted in the District Court of Lyon County, Kansas of aggravated battery against a law enforcement officer, driving while suspended, and felony fleeing or attempting to elude. Petitioner was sentenced on February 10, 2009, to a controlling term of 144 months imprisonment. Petitioner directly appealed his conviction to the Kansas Court of Appeals ("KCA"), alleging the state presented insufficient evidence on the aggravated battery against a law enforcement officer count and the trial court erred in sentencing petitioner because his criminal history was not determined by a jury. See *State v. Zeiner*, Case No. 102,088, 2010 WL 2545665 (Kan. App. June 11, 2010). The KCA affirmed petitioner's conviction and sentence. *Id.* The Kansas Supreme Court ("KSC") denied petitioner's request for review on September 7, 2010. Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

Nine months later, on June 20, 2011, petitioner filed a motion for postconviction relief pursuant to K.S.A. 60-1507 in the District Court of Lyon County, Kansas, alleging his counsel was ineffective for: 1) failing to engage an accident reconstruction expert to establish lack of intent in causing Officer Doudican to take evasive action, and 2) failing to adequately advise him of a plea offer. After an evidentiary hearing, the trial court denied petitioner's Rule 1507 motion. (Dkt. 1-1,

Brief of Appellant to KCA at 1). The KCA affirmed that decision on October 4, 2013. *Zeiner v. State*, Case No. 108, 834, 2013 WL 5507448 (Kan. App. Oct. 4, 2013). The KCA also determined that petitioner had waived or abandoned claims that his trial counsel was ineffective for not raising a voluntary intoxication or diminished capacity defense and that his appellate counsel was similarly ineffective. *Id.* at *2. The KSC denied review of that decision on August 14, 2014.

Petitioner filed this federal habeas corpus case on September 30, 2014, alleging four grounds for relief: 1) trial counsel's failure to advise petitioner of plea negotiations or communicate specifics/details of plea offer, 2) trial counsel's failure to consult or investigate the possibility of hiring expert witnesses to counter three issues,[1] 3) trial counsel's failure to argue diminished capacity, and 4) appellate counsel's failure to argue prosecutorial misconduct. (Dkt. 1, Petition at 6, 8-9, and 11). On February 18, 2015, this court dismissed grounds 3 and 4 for procedural default based on the KCA's determination that these claims had been abandoned. (Dkt. 9).

On March 4, 2015, petitioner filed a motion to amend ground 2 by replacing the word "perjury" with the word "misconduct" in the sentence, "I now know that Deputy Doudican has a history of perjury." (Dkt. 13). On April 2, 2015, petitioner filed a second motion to amend to include a claim of insufficient evidence to meet the statutory requirements of aggravated battery against a law enforcement officer pursuant to K.S.A. 21-3415(a)(2). (Dkt. 18). On June 16, 2015, respondent filed its Answer to the Petition, requesting this court deny petitioner's request for habeas corpus

---

[1] In ground 2, petitioner alleged that: 1) expert testimony on the operating system of Deputy Doudican's dash camera would be beneficial, 2) an accident reconstruction expert could have countered the state's argument regarding intent, and 3) photographs of the vehicles involved in the incident would have assisted the accident reconstruction expert in determining that Deputy Doudican caused the collision and not petitioner. (Dkt. 1, Petition at 8, 17). Because these allegations raise discrete issues (impeachment, intent, causation), the court will refer to these claims as grounds 2.1, 2.2, and 2.3 respectively.

relief. (Dkt. 26). Respondent filed no response to the motions to amend.

On August 17, 2015, this court deferred ruling on petitioner's Motions to Amend Petition (Dkts. 13, 18) and ordered him to file a traverse by October 23, 2015, to explain why his proposed amendments should not be procedurally defaulted. (Dkt. 32). On October 13, 2015, petitioner filed a motion for extension of time to file his traverse based on his lack of formal legal training and his desire to obtain advice from legal services for inmates. (Dkt. 36). On November 11, 2015, petitioner filed a Motion to Stay Proceedings, which states in whole:

> Petitioner has advised the court of his filing of a second K.S.A. 60-1507. His filing of a K.S.A. 22-3504 and [a] motion for Judgment of Acquittal in Lyon County District Court. Petitioner has filed subsequent appealls [sic] and has been appointed counsel to assist on Case No. 15-114376 in the Kansas Court of Appeals.
>
> These issues parellel [sic] the issues this Court has addressed in its Omnibus Order and the Petitioner requests that this court grant a stay untill [sic] these issues can be devolped [sic] by the State Courts and to avoid any procedural defaults that could potentialy [sic] prejiduce [sic])]the petitioner. Petitioner is a layman and without counsel to assist in this matter.
>
> Therefore, he prays that this Court grant this motion untill [sic] these issues are heard by the lower courts.

(Dkt. 37). Respondent filed no response to the motion for extension or motion to stay. Because petitioner filed the motion to stay in lieu of a traverse, the court denies the motion for extension as moot.

**II.     Discussion**

U.S. Supreme Court precedent and federal statutory law requires a state prisoner applying for a writ of habeas corpus in federal court to first exhaust all the remedies available in the state courts, unless an exception described in 28 U.S.C. § 2254(b)(1) exists. *Rose v. Lundy*, 455 U.S. 609, 515 (1982). The exhaustion doctrine is grounded in principles of comity and federalism. *Id.* at 516-

4

18. Generally, a § 2254 petition containing federal claims which have not been exhausted in state court must be dismissed. *Id.* at 513-20. Petitioner bears the burden of proving that he fully exhausted all state court remedies prior to filing his federal petition. With these principles in mind, the court now considers petitioner's pending motions.

**A.     Motions to Amend (Dkts. 13 and 18)**

Fed. R. Civ. P. 15 governs amendments to pleadings. Subsection (a)(1) provides that parties may amend a pleading "once as a matter of course" before trial if they do so within 21 days after serving the pleading, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). All other amendments require the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Leave to amend is generally freely given. *Id.*

This court initially hesitated to simply grant the motions to amend because "[t]here was no indication anywhere in the record that petitioner presented either of his proposed amendments to the state court, rendering both amendments unexhausted." (Dkt. 32 at 3). The court admits it was mistaken as to petitioner's second proposed amendment, which seeks to add a claim of insufficient evidence to meet the statutory requirements of K.S.A. 21-3415(a)(2) for aggravated battery against a law enforcement officer. Petitioner raised this claim on direct appeal, which the state courts rejected. *Zeiner*, 2010 WL 254665, at *1-2 (KCA concluded sufficient evidence supported conviction for aggravated battery of a law enforcement officer and held that the contact between Deputy Doudican's patrol car and petitioner's car "was not a trivial bump of two cars in a parking lot but a deliberate attempt to force a patrol car out of Zeiner's way where the officer could have lost

control of his car, resulting in a collision with other cars or objects along the roadway."); Appellant's Petition for Review [to KSC] at 1, *Kansas v. Zeiner*, Case No. 102088 (July 8, 2010). Thus, this claim has been exhausted. And because the respondent did not object to the amendment, the court grants petitioner's request to add it. Hereafter, the court will refer to this claim as ground 5.

Petitioner's first proposed amendment simply seeks to amend ground 2.1 by replacing the word "perjury" with "misconduct." Because this amendment does not require respondent to alter its answer to address it, it is not substantive. For this reason, the court grants it.

**B.     Motion to Stay Proceedings (Dkt. 37)**

By filing the motion to stay, petitioner recognizes that his petition and proposed amendments present this court with a "mixed" habeas corpus petition – one that contains both exhausted and unexhausted claims. It is undisputed that grounds 1(fail to explain plea offer) and 2.2 (fail to hire accident reconstruction expert) are exhausted claims. And as discussed above, the newly added ground 5 (sufficiency of evidence to prove aggravated battery of LEO) is an exhausted claim. Respondent argues that grounds 2.1 (fail to hire dash cam expert) and 2.3 (fail to obtain photographic evidence) are unexhausted claims. (Dkt. 26 at 16-18). According to petitioner, these claims are currently before the KCA. (Dkt. 37). Thus, petitioner concedes that grounds 2.1 and 2.3 are currently unexhausted claims, rendering the petition a "mixed" petition.

When confronted with a "mixed" petition, district courts may either "(1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002). District courts may also either grant the petitioner the opportunity to amend his petition to omit the unexhausted claim and proceed only on the exhausted claims, or in "limited circumstances," grant the petitioner

6

the opportunity to request that the habeas proceedings be stayed and held in abeyance until such time as the unexhausted claim is exhausted. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Stay and abeyance is only appropriate when a petitioner demonstrates that: 1) "good cause" exists for his failure to exhaust his claim first in state court, 2) his unexhausted claim is "potentially meritorious," and 3) that he has not deliberately engaged in "dilatory litigation tactics." *Id.*

Petitioner does not address the issue of good cause in his Motion to Stay despite the court's admonition in the Omnibus Order that, "in order to [demonstrate why his proposed amendments should not be procedurally defaulted], he *must* 'show cause for his default' . . ." (Dkt. 32 at 4, emphasis in original, citations omitted). The court notes that the unexhausted claims do not involve issues newly discovered by petitioner. *See Dykes v. Nelson*, Case No. 97-3147, 2000 WL 1389612 (D. Kan. Aug. 30, 2000) (denying motion to stay because petitioner has shown no reason why he should not be subject to the requirements of 28 U.S.C. §§ 2244(b)(2) and 2244(d)(1)). Additionally, these claims, at best, come four years after the KCA ruled on the issues presented in his direct appeal, and almost one year after the KCA ruled on the issues presented within petitioner's first motion for postconviction relief.[2] Yet petitioner offers no reason why he is just now raising such issues before the state courts. Absent any explanation from petitioner, the court cannot conclude that he has shown good cause for his failure to exhaust. *Shimp v. Paramo*, Case No. 12CV01537, 2013 WL 526053, *6 (S.D. Ca. Feb. 11, 2013) (order denying petitioner's motion for stay and abeyance filed due to lack of explanation). Because petitioner has failed to show good cause for his failure to exhaust, stay and abeyance is inappropriate. For this reason, the court denies petitioner's motion to

---

[2] September 30, 2014, the date petitioner filed his federal habeas corpus petition, is the earliest date it can be said that petitioner first raised these unexhausted claims.

stay. *See Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (unnecessary to consider the other two *Rhines* factors if "good cause" not shown).

Petitioner contends that the issues here parallel those before the KCA in Case No. 15-114376. Petitioner, however, has not provided this court with the pleadings in that case. Without them, the court is unable to determine whether the issues in both cases are identical and if this court is being asked to decide a claim the essence of which is currently pending before the state appellate courts. Thus, it appears premature for this court to evaluate the merits of petitioner's unexhausted claims when resolution and further development of the record could result from the ongoing-state court proceeding. Accordingly, the court declines to dismiss the entire petition on the merits.

This leaves the court with either dismissing the entire petition without prejudice, or allowing the petitioner to delete the unexhausted claims to proceed only on the exhausted claims. The court directs petitioner to choose between these two options. The court cautions petitioner that invoking the latter procedure includes the risk of forever losing the opportunity for any federal review of his unexhausted claims. The court charges petitioner with knowledge of 28 U.S.C. § 2244(b)(2) and the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).[3]

**IT IS THEREFORE ORDERED** this 17th day of February, 2016, that petitioner's motions to amend (Dkts. 13 and 18) are **GRANTED**.

---

[3] This court previously calculated that the one-year limitation period expired on April 14, 2015. (Dkt. 32 at 3). At that time, the court was unaware that petitioner had filed a second motion for postconviction relief. A properly filed application for state postconviction relief, filed before that year expires, however, tolls the limitation period. 28 U.S.C. § 2244(d)(2). Accordingly, the court's previous determination regarding the expiration of the limitation period may require adjustments.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time to file a traverse (Dkt. 36) is **DENIED** as moot; and his motion to stay (Dkt. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that if petitioner does not file a motion to delete the unexhausted claims and request this court to proceed on the exhausted claims within thirty days of this order, then an order dismissing the entire petition without prejudice shall be issued forthwith.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE